IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALISHA FULGHAM, INDIVIDUALY**
**and OBO J.C.F., A MINOR**                                           **PLAINTIFF**

v.                                              CIVIL ACTION NO.: 3:19-cv-61-CWR-FKB

**DON EVANS, DON EVANS, PLLC, BELINDA EVANS and**
**JOHN and JANE DOES PERSONS and**
**ENTITIES 1 through 10**                                             **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff Alisha Fulgham, Individually and on behalf of J.C.F., a minor, by and through counsel, files this Complaint against Don Evans, Don Evans, PLLC, Belinda Evans and John and Jane Does Persons and Entities 1 through 10, as follows:

1.  Plaintiff Alisha Fulgham is an adult resident citizen of Hinds County, Mississippi, residing at 30 Avery Circle, Jackson, Mississippi.

2.  Plaintiff J.C.F is a minor child residing in Hinds County, Mississippi, who is represented by Plaintiff Alisha Fulgham as his mother and next friend.

3.  Defendant Don Evans, PLLC is a business entity (offering legal representation) organized and existing under the laws of the State of Mississippi, which can be served through its registered agent, Don Evans, at 500 East Capitol Street, Ste. 2, Jackson, Mississippi.  Defendant Don Evans, PLLC is sued in its capacity as generally set-forth herein, as well as in its capacity of the Administrator of the ERISA plan referenced *infra.*

4.  Defendant Don Evans is an adult resident citizen of the State of Mississippi who can be served with process at his business address of 500 East Capitol Street, Ste. 2, Jackson, Mississippi and/or where he otherwise may be found. At all times relevant to the allegations

of the Complaint, Defendant Evans was the owner and principal of Defendant Don Evans, PLLC, such that his individual conduct is imputed to his business entity, which is vicariously liable for his (in)actions/conduct/(mis)(mal)feasance. Defendant Don Evans is sued in his capacity as generally set-forth herein, as well as in his capacity of the Administrator of the ERISA plan referenced *infra.* Defendants Don Evans and Don Evans, PLLC are collectively referred to herein as the "Law Firm" and/or "Law Firm Defendants".

5. Defendant Belinda Evans is an adult resident citizen of Madison County, Mississippi, who can be served with process at her residence address of 589 Mannsdale Road, Madison, Mississippi. At all times relevant to the allegations of the Complaint, Defendant Belinda Evans was acting as the employee/agent/representative of Defendant Don Evans, PLLC, such that her individual conduct is imputed to the business entity, which is vicariously liable for her (in)actions/conduct/(mis)(mal)feasance.

6. Defendant John and Jane Does Persons and Entities 1-10 are persons or business entities unknown to Plaintiff after reasonably diligent inquiry, who/which reside in/exist under the laws of the State of Mississippi and were at all times acting as employees, agents or representatives of the named Defendants as set-forth herein and who/which are liable for the damages sustained by Plaintiff.

## JURISDICTION and VENUE

7. This Court has original jurisdiction under 28 U.S.C. § 1331, federal question, under U.S.C. § 1132, ERISA § 502 (a)(1)(B), providing that a civil action may be brought by a participant or beneficiary to recover benefits due under an employee welfare benefits plan

**COMPLAINT**
*(Jury Trial Demanded)*
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 2 of 19

(defined under ERISA as "any plan, fund or program established or maintained by an employer to the extent such a plan, fund or program was established or is maintained for the purpose of providing for its participants or beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical or hospital care or benefits . . . .").

8. At all times pertinent to the allegations of the Complaint, the Defendant Law Firm had an employee benefits plan (as defined by ERISA) (hereinafter "Plan") in effect through which its employees, as "Participants" (as defined by ERISA), were provided health insurance (and the opportunity to secure health insurance for family members, i.e., plan "Beneficiaries" (as defined by/within the scope of ERISA)).

9. At all times pertinent to the allegations of the Complaint, Plaintiff Fulgham was a Participant in (and Plaintiff J.C.F was a beneficiary of) the Plan. In addition, at all times pertinent to the allegations of the Complaint, Defendants Evans and Evans, PLLC were aAdministrators of the Plan within the meaning of ERISA.

10. In addition, this Court has Federal Jurisdiction under the United States Tax Code and its related provisions as pertain to the duties and penalties regarding payment of federal withholding taxes.

11. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 in that the Court has original jurisdiction and any State law claims are so related to the claims in the original actions such that they form a part of the same case or controversy.

12. This Court has personal jurisdiction over the Defendants as they do business in the State of Mississippi and committed torts and/or breached contracts in whole or in part

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 3 of 19

in the State of Mississippi. Defendants' contacts with the State of Mississippi were at all relevant times systematic and continuous such that the exercise of jurisdiction comports with the notions of fair play and substantial justice.

13. Venue in this matter is proper under 28 U.S.C. § 1391, as a substantial part of the events or omissions as alleged *infra* and giving rise to these claims occurred in the Northern Division of the Southern District of Mississippi.

## FACTS

14. In May of 2004, Plaintiff Alisha Fulgham began work for Defendants Don Evans and Don Evans , PLLC as a senior paralegal. Within a month, Plaintiff received a twenty-five (25) percent raise. Over the years, the scope of Plaintiff's job increased, involving both paralegal and human resources related activities. In March of 2007, Defendants Don Evans and Don Evans, PLLC promoted Plaintiff Fulgham to "Director of Human Resources", adding to (but not removing from) the scope of her job.

15. Between 2007 and the end of 2018, conditions at the law firm vacillated between functional with relatively stable finances and workplace, to borderline insolvency and a hostile work environment fueled by verbal abuse at the hands of the Law Firm Defendants. Increasingly over the years, Plaintiff Evans and the other employees were unable to count-on receiving their pay in a timely manner. Regardless, Plaintiff was the last to receive her pay. This affected Plaintiff and her family, resulting in regular NSF charges and an inability to meet their personal financial obligations.

16. During this same time period, Defendant Evans was becoming increasingly

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 4 of 19

abusive and erratic.  Defendant Evans:

    a.    sexually harassed Law Firm employees, including Ashley Hughes, referring to the size of her breasts and making sexually explicit remarks inviting sexual contact.  Ashley Hughes' State Court Complaint is attached hereto as Exhibit "1" and incorporated herein by reference as-if set-forth herein in full in words and figures;

    b.    knowingly allowed at least one employee to use company time and resources to purchases illegal narcotics, which were brought into the office and supplied to individuals within the Law Firm;

    c.    requested staff members to look-up pornography for him on the internet;

    d.    kept a loaded handgun in the floor of his office;

    e.    kept a chest of sex toys in his office closet;

    f.    verbally abused office staff, routinely yelling at them, calling them incompetent and referring to them as "f*&cking idiots"; "stupid b*&ches"; "f*&cking dodos"; "worthless pieces of sh*t"; "lying b*&ches"; and "dumb motherf*&kers";

    g.    openly talked about violent sexual fetishes; and

    h.    made fun of and harassed an employee based on her disability (whether perceived or actual).

Despite complaints from employees and pleas and admonitions from Plaintiff (individually

**COMPLAINT**
*(Jury Trial Demanded)*
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 5 of 19

and as Director of Human Resources), Defendant Evans refused to stop/alter his behaviour, instead telling Plaintiff that he could do whatever the f*&k he wanted and that if an employee did not like it, that employee could quit.

17. Increasingly, Plaintiff was also the target of Defendant Evans' verbal assaults, in which he routinely yelled, used profanity and questioned her competence (while at the same time relying on her for the majority (excluding direct access to finances) of the day-to-day business and legal operations of the Law Firm).  Further, the Law Firm increasingly failed/refused to pay Plaintiff Fulgham her wages in a timely manner, resulting in regular NSF charges and an inability to meet her personal financial obligations.  In addition, Plaintiff discovered that while the Law Firm was withholding taxes from her check, the Law Firm was not paying those taxes to the government. This caused Plaintiff and her family to be unable to file their taxes.

18. At the beginning of December 2017, Plaintiff Fulgham was contacted with the resume of a qualified paralegal and brought that candidate in for an interview.  Plaintiff was impressed with her presentation, as well as her qualifications and recommended that the candidate be hired to fill the Law Firms need for a paralegal. Defendant Evans admonished Plaintiff Fulgham for interviewing the paralegal (who happened to be African American) and told her that he would never hire a black person, especially a black woman.  Plaintiff admonished Defendant Evans for his statement and reminded him that he could not discriminate a candidate based on race.  Defendant Evans told Plaintiff that he was in charge and once again stated that he would never hire a black person, much less a black woman.

**COMMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 6 of 19

The exchange disturbed Plaintiff and caused her great anxiety and stress, making her realize that the toxic work environment created by Defendants would never change. Despite all of this, Plaintiff continued to be reluctant to leave her employment, both because of her need for a job and her belief that her presence was the only remaining line of defense between Defendant Evans' abusive conduct and the other female employees.

19. In late December 2017, Plaintiff Fulgham paid Defendants (specifically, Defendant Belinda Evans, as agent for the Law Firm Defendants) Two Thousand Three Hundred and Sixty Four Dollars ($2,364.00) as prepayment for insurance premiums for the minor, Plaintiff J.C.F., for February 2018 through July 2018. Rather than use those funds for the dedicated purpose of securing health insurance under the ERISA Plan, all Defendants used those funds for unrelated, personal matters and purchases. Further, in January 2018, the Law Firm's check for insurance premiums bounced for insufficient funds. The January 2018 payment would have paid coverage for February 2018.

20. Finally, on January 14, 2018, Defendants constructively terminated her husband, Jason Fulgham, who worked for the Defendants as a paralegal. Jason Fulgham's State Court Complaint is attached hereto as Exhibit "2" and incorporated herein by reference as-if set-forth herein in full in words and figures. This termination, in combination with Defendants' failure/refusal to pay Plaintiff Fulgham in full/in a timely manner, placed Plaintiff Fulgham's family in dire financial circumstances.

21. On January 22, 2018, Plaintiff Fulgham reached a breaking point and attempted to discuss the matter with Defendant Evans. Despite the fact that Plaintiff Fulgham

**COMPLAINT**
*(Jury Trial Demanded)*
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 7 of 19

effectively kept the office running (with little to no help from the Law Firm Defendants), Defendant Evans told Plaintiff that she might get paid if she worked harder. This statement, in addition to being belied by the facts, was a slap in the face calculated to cause Plaintiff Fulgham great emotional distress. Plaintiff returned to her office to work only to be told later that morning that she was no longer wanted at the office. Contrary to his statement to Plaintiff Fulgham, Defendant Evans told the remaining office workers that Plaintiff Fulgham had quit. In point of fact, Defendant Evans chose to terminate Plaintiff Fulgham rather than listen to her admonitions that he stop his pattern of sexual harassment; verbal abuse; financial irresponsibility; and racial discrimination.

22. After January 22, 2018, Defendants became a campaign of harassment against Plaintiff. On February 6, 2018, Defendants terminated the health insurance for Plaintiff Fulgham and Plaintiff J.C.F. Defendants then back-dated the termination of coverage for January 31, 2018 and failed/refused to comply with "COBRA" healthcare continuation requirements such that Plaintiff and her family were left without insurance.

23. Given the financial hardship placed on her family, Plaintiff Fulgham applied for unemployment. Defendant Evans and Evans, PLLC opposed Plaintiff's request for unemployment benefits and used the unemployment process as a vehicle by which to defame Plaintiff, disclosing private medical information, irrelevant to any claims for unemployment, in an attempt to embarrass Plaintiff and dissuade her from collecting the unemployment benefits to which she was and is entitled. In addition, Defendant Evans used the unemployment process to falsely accuse Plaintiff of theft/embezzlement, mental illness

**COMPLAINT**
*(Jury Trial Demanded)*
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 8 of 19

and intentional interference with his business. All of these statements were false; none were subject to any privilege (qualified or otherwise); and all were made (with knowledge of their lack of privilege and/or falsity) for the express purpose of harassing and causing Plaintiff to experience mental and emotional distress and financial ruin.

24. In addition, Defendants began an intentional campaign of defaming Plaintiff, stating (to judges and other members of the legal community and the public at large) that Plaintiff was a mentally ill drug addict who sabotaged Defendants' business by working with other attorneys (and/or other jobs) to steal cases and/or embezzled/converted business funds/assets for her own use and benefit. This campaign has been vicious and unrelenting and  extend(ed)(s) beyond mere insults, indignities, threats, annoyances, petty oppressions and other trivialities and would cause an average member of the community to arouse as a resentment against Defendants and lead them to exclaim that the conduct in question was/is so outrageous in character and so extreme in degree, as to go beyond the bounds of all decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

## CLAIMS

### CONVERSION/MISAPPROPRIATION OF ERISA and TAX FUNDS/BREACH OF COBRA CONTINUATION REQUIREMENTS

25. Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 24 of the Complaint.

26. At all times pertinent to the allegations of the Complaint, the Defendant Law Firm had an employee benefits plan (as defined by ERISA) in effect through which its employees, as "Participants" (as defined by ERISA),  were provided health insurance (and

**COMPLAINT**
*(Jury Trial Demanded)*
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 9 of 19

the opportunity to secure health insurance for family members, i.e., plan "Beneficiaries" (as defined by/within the scope of ERISA)). At all times pertinent to the allegations of the Complaint, Plaintiff Fulgham was a Participant in; Plaintiff J.C.F was a beneficiary of; and the Law Firm Defendants were Administrators of the Plan.

27. As plead *supra*, in late December 2017, Plaintiff Fulgham paid Defendants Two Thousand Three Hundred and Sixty Four Dollars ($2,364.00) as prepayment for insurance premiums for the minor, Plaintiff J.C.F., for February 2018 through July 2018. Rather than use those funds for the dedicated purpose of securing health insurance under the ERISA Plan, Defendants used those funds for unrelated, personal matters and purchases. All failures/breaches under ERISA were a result of bad faith and attended by actual harm to Plaintiffs as participants/beneficiaries.

28. Defendants wrongfully appropriated said monies (owned by Plaintiff Fulgham and Plaintiff J.C.F.) for their own use and benefit. This misappropriation, amounting to conversion, was purposeful and intended/calculated to deprive Plaintiffs of those monies.

29. As a direct and proximate result of this conversion, Plaintiff has incurred/sustained damages to which she is entitled and for which she seeks compensation.

30. In addition/in the alternative, said conversion of premiums intended for the purchase of insurance through an ERISA employee benefit plan constitutes a breach of federal law, amounting to theft or embezzlement/diversion under 18 U.S.C. § 664, further constituting a breach of fiduciary dut(y)(ies) under ERISA.

31. Further, at all times pertinent to the allegations of the Complaint, Defendants

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 10 of 19

had a history of tax, labor and wage evasion/violations with respect to their business and employees. This conduct/(mis)(mal)(non)feasance includes, but is not limited to, a history of:

    a.    late-payment and/or non-payment of wages that resulted in Plaintiff incurring late charges, NSF fees and other expenses proximately caused by Defendants' failure/refusal to pay Plaintiff's wages timely and in full;

    b.    late-payment and/or non-payment of insurance premiums that caused disruption in Plaintiff's health coverage, directly and proximately resulting in out-of-pocket insurance and other expenses for Plaintiff; and

    c.    withholding, yet failing to pay to the appropriate government entity, both State and Federal taxes, prohibiting Plaintiff from timely filing and resulting in double exposure/payment for/of taxes and other related expenses.

All of this conduct was part of an intentional pattern and practice of conduct/fraud designed to maximize Defendants' financial gain at the expense/to the detriment of employees (the monies of whom Defendants exercised dominion over/appropriated for their own use/benefit) including, but not limited to, Plaintiffs.  In addition/in the alternative, this conduct was a result of an overall pattern of incompentence/negligence that resulted in financial loss to Plaintiffs (including converted income, taxes and insurance premiums), as a direct and proximate breach(es) of the dut(y)(ies) owed to Plaintiffs by Defendants.

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 11 of 19

32.  In addition, after Plaintiff's termination, Defendants wrongfully terminated Plaintiff's insurance; failed/refused to notify the employee insurance plan administrator of said termination; and failed/refused to send (and then back-dated and mailed) required COBRA information/documentation. All of this conduct resulted in Plaintiff being unable to participate in COBRA coverage, leaving her family uninsured, directly and proximately resulting in financial loss to and hardship on Plaintiff and her family.  This conduct on the part of Defendants (amounting to breach of contract, conversion and fraud) was part of a pattern and practice of conduct calculated to punish Plaintiff for leaving Defendants' employment. In addition/in the alternative, this conduct was a result of an overall pattern of incompetence/negligence that resulted in financial loss to and hardship on Plaintiff and his family, as a direct and proximate breach(es) of the dut(y)(ies) owed to Plaintiff by Defendants as set-forth herein.

33.  Further, after termination, Defendants (despite their dut(y)(ies) to and demand(s) from Plaintiff Fulgham) withheld wages earned by Plaintiff Fugham (in the amount of One Thousand Seven Hundred and Forty Dollars ($1,740.00) for six (6) days work) and unused vacation time (in the amount of Three Thousand Four Hundred Sixty One Dollars and Sixty Cents ($3,462.00) for two (2) weeks and ten (10) days).  Defendants' conduct in withholding these funds from Plaintiff was and is intentional and part of a concerted effort to inflict financial harm and hardship on Plaintiff and her family. In addition/in the alternative, this conduct was a result of an overall pattern of incompetence/negligence that resulted in financial loss to and hardship on Plaintiff and her family, as a direct and proximate

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 12 of 19

breach(es) of the dut(y)(ies) owed to Plaintiff by Defendants.

34. In addition, Defendants owe Plaintiff Fulgham NSF fees in the amount of Six Hundred and Forty Eight Dollars ($648.00).

## DEFAMATION

35. Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 34 of the Complaint.

36. Defendants began an intentional campaign of defaming Plaintiff, stating (to judges and other members of the legal community and the public at large) that Plaintiff was a mentally ill drug addict who sabotaged Defendants' business by working with other attorneys (and/or other jobs) to steal cases and/or embezzled/converted business funds/assets for her own use and benefit.

37. These statements and communications/publications, both oral and written, were a) clearly and unmistakably false, defamatory and unprivileged; b) clearly and unmistakably directed at/of and concerning Plaintiff Fulgham; and c) as a proximate and foreseeable result of Defendants' publication (both oral and written) of false, defamatory material, Plaintiff Fulgham's reputation was damaged, and she suffered economic and non-economic damages to be proven at trial. Consequently, Plaintiff is entitled to all damages allowed under the law.

## PUBLIC DISCLOSURE OF PRIVATE FACTS

38. Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 37 of the Complaint.

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 13 of 19

39. Defendants Evans and Evans, PLLC disclosed private information regarding Plaintiff Fulgham that would be highly offensive to a reasonable person and was not of legitimate public concern. Specifically, Defendants disclosed information regarding Plaintiff's privileged medical treatment for feminine issues.

40. Defendants made this disclosure knowing that it was not of legitimate public concern and that it would be highly offensive and embarassing to a reasonable person. Further, Defendants made this disclosure for the sole purpose of attempting to harass and cause great emotional stress and embarassment to Plaintiff.

41. Defendants's conduct proximately caused Plaintiff damages to which she is entitled and for which she seeks compensation.

## FALSE LIGHT

42. Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 41 of the Complaint.

43. Defendants Evans and Evans, PLLC disclosed private information regarding Plaintiff Fulgham that would be highly offensive to a reasonable person and was not of legitimate public concern. Specifically, Defendants disclosed information regarding Plaintiff's privileged medical treatment for feminine issues, falsely and intentionally misstating/misrepresenting those issues as "multiple abortions".

44. Based on this, Defendants Evans and Evans, PLLC placed Plaintiff in a false light or position in the eyes of the public that would be highly offensive to a reasonable person (and in doing so either had knowledge (or acted in reckless disregard) as to the

**COMPLAINT**
*(Jury Trial Demanded)*
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 14 of 19

falsity of the publicized matter), i.e., made Plaintiff appear other than as she is and gave her unreasonable and highly objectionable publicity that attributed to her characteristics, conduct or beliefs that are false and thus, placed her before the public in a false light position.

45.     Further, Defendants falsely stated, without privilege and with knowledge of its falsity, that Plaintiff had undergone multiple abortions.  Defendants made this disclosure for the sole purpose of attempting to harass and cause great emotional distress and embarrassment and ridicule to Plaintiff.

46.     Defendants's conduct proximately caused Plaintiff damages to which she is entitled and for which she seeks compensation.

### INTENTIONAL CONDUCT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and OUTRAGE

47.     Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 46 of the Complaint.

48.     In the alternative, Defendants' conduct as alleged in this Complaint including, but not limited to, as set-forth *supra* was/were intentional and reckless; extend(ed)(s) beyond mere insults, indignities, threats, annoyances, petty oppressions and other trivialities; and would cause an average member of the community to arouse as a resentment against Defendants and lead them to exclaim that the conduct in question was so outrageous in character and so extreme in degree, as to go beyond the bounds of all decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

49.     As a proximate and foreseeable result, Plaintiff experienced damage to

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**
Page 15 of 19

reputation and great, extreme emotional distress and other economic damages to be proven at a trial of this matter, for all of which Plaintiff seeks compensation in the form of all damages available under State and Federal law.

### NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50.     Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 49 of the Complaint.

51.     The actions as alleged in the preceding paragraphs of the Complaint, *supra,* were the result of negligence on the part of the Defendants, individually and as owners/proprietors/agents/representatives/in furtherance of the business of the Law Firm Defendants.  That is, Defendants, at all times, owed Plaintiff Fulgham a duty to exercise reasonable care including, but not limited to, in their business dealings with Plaintiff Fulgham. However, Defendants breach said duty.  As a proximate and foreseeable result of Defendants' negligent actions,   Plaintiff Fulgham was damaged, resulting in  emotional distress and other economic (i.e., attorney's fees and loss of wages) and non-economic damages (including mental and emotional distress) to be proven in this litigation. Consequently, Plaintiff Fulgham is entitled to and seeks an award of all damages allowed under the law and supported by the evidence.

### PIERCING CORPORATE VEIL

52.     Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 51 of the Complaint.

53.     In addition/in the alternative, at all times pertinent to the allegations of the

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**Page 16 of 19**

Complaint, Defendant Don Evans, PLLC failed to maintain a legal existence separate and apart from that of its officers and shareholders, all of whom engaged in conduct and evidenced a flagrant disregard of corporate formalities (including, but not limited to, undercapitalization and failure to conduct required meeting and maintain required records). Under the circumstances, Defendant Don Evans, PLLC's corporate existence was a sham, having been created for the sole purpose of attempting to insulate Defendants from personal liability for their actions. Allowing Defendant Don Evans, PLLC and the individual Defendants to maintain/reap the benefit of the corporate form would subvert the ends of justice and frustrate the expectations of the parties.

## **DAMAGES**

54.     Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 53 of the Complaint.

55.     As a direct and proximate result of the Defendants, and each of their, actions and conduct, Plaintiffs have suffered, and continue to suffer, substantial actual, economic and compensatory damages, including but not limited to economic losses, such as attorney's fees incurred in bringing this action;  severe emotional distress and mental anguish; anxiety; worry; and other damages to be shown at the trial of this matter (including, but not limited to, loss of wages, damage to reputation, etc.), for all of which Plaintiffs are entitled to be compensated by these Defendants, jointly and severally, in an amount to be determined by a Jury at the trial of this matter.

56.     The actions of Defendants, and each of them, as set forth in the preceding

**COMMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 17 of 19

paragraphs, other than those specifically pled as and/or which otherwise constitute mere negligence, were so outrageous and/or malicious as to shock the conscious of a reasonable person; proximately caused Plaintiffs to suffer, and to continue to suffer, severe anxiety and emotional distress; and was conduct Defendants knew, or should have known, would cause Plaintiffs to suffer severe emotional distress.  As a result of their outrageous conduct, Defendants, and each of them, are liable to Plaintiffs for an amount of money sufficient to compensate them for their severe emotional distress, as well as punitive damages in amount sufficient to punish Defendants for their misconduct and deter Defendants, and others similarly situated, from engaging in similar behavior in the future.

57.    The conduct of the Defendants, and each of them, as referenced in the preceding paragraphs, was done with actual malice and/or constituted actual fraud, making the Defendants, and each of them, liable to Plaintiffs for punitive damages, under Miss. Code Ann. § 11-1-65 and/or under the common law, in an amount to be determined by a Jury, but in an amount sufficient to punish Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts and conduct in the future.

58.    In addition/in the alternative, should the evidence so indicate that Defendants' conduct fails to rise above the level of ordinary negligence, Plaintiffs seeks all damages allowed under the law for said conduct.

## RESERVATION OF CLAIMS

59.    Plaintiff incorporates and reasserts the allegations of Paragraphs 1 through 58

**COMPLAINT**
***(Jury Trial Demanded)***
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**
Page 18 of 19

Complaint.

60.     As a result of Defendants' conduct as outlined herein, Plaintiffs are without knowledge or information sufficient to form a belief as to whether other claims and damages may exist.  However, contingent on the facts revealed by investigation and discovery, Plaintiffs expressly reserve their right to raise any additional claims and assert any additional grounds as may be appropriate.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiffs demand a trial by jury and judgment from and against Defendants, including John Does, jointly and severally for actual, compensatory, consequential, incidental, extra-contractual and/or punitive damages, as well as costs and attorney's fees, and any other available relief in excess of the Court's jurisdictional minimum, exclusive of interest and costs.   Plaintiffs also ask this Court for any and all other relief it may deem appropriate under the circumstances.

Respectfully submitted,

**ALISHA FULGHAM, INDIVIDUALLY and**
*obo* **J.C.F., A MINOR**

BY:     *Timothy D. Moore*
Timothy D. Moore (MSB #10494)
The Law Office of Timothy D. Moore, PLLC
344 Hwy 51, 2nd Floor
Ridgeland, MS 39157
601.321.9629 TEL
601.352.5353 FAX
601.988.4590 CELL
tmoore@tdmoorelaw.net

**COMPLAINT**
*(Jury Trial Demanded)*
*Alisha Fulgham, Individually and on behalf of J.C.F., A Minor adverse Don Evans,, et al.*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**Page 19 of 19**