IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALISHA FULGHAM, INDIVIDUALY
and OBO J.C.F., A MINOR                                                PLAINTIFF

v.                                                         CIVIL ACTION NO.: 3:19-cv-00061-CWR-FKB

DON EVANS, DON EVANS, PLLC, BELINDA EVANS and
JOHN and JANE DOES PERSONS and
ENTITIES 1 through 10                                                  DEFENDANTS

---

MEMORANDDUM BRIEF IN SUPPORT OF PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION TO DISMISS/STRIKE (ECF DOC. 5)

---

Plaintiff, by and through Counsel, files this Response in Opposition to Defendants' Motion to Dismiss/Strike, and in support thereof, states as follows:

I.      Exhaustion:  The Exhaustion Requirement Does Not Apply to Plaintiffs' Claims

Defendants ask that this Court dismiss Plaintiff's claims based on an alleged failure to exhaust administrative remedies. As support for this relief, Defendants cite *Moss v. Unum Group.*[1] While it does discuss an exhaustion requirement for ERISA claims, *Moss* deals with a claim for benefits under an ERISA plan—for which a claimant must exhaust administrative remedies.

Plaintiff's claims, however, are not for benefits under an ERISA plan. Rather, Plaintiff's claims are for breach of fiduciary duty based on the embezzlement/wrongful conversion of premiums:

> 30.     In addition/in the alternative, said conversion of premiums intended for the purchase of insurance through an ERIS employment benefit plan constitutes a breach of federal law, amounting to theft or embezzlement/diversion under 18 U.S.C. § 664, further ***constituting breach of fiduciary dut(y)(ies)*** under ERISA.[2]

Under the controlling Fifth Circuit precedent, there is no "exhaustion" requirement for claims of breach of fiduciary duty.[3] That is. "[b]reach of fiduciary duty claims are not barred by

---

[1] 638 Fed. Appx. 347 (5th Cir. 2016)
[2] *See* ECF Doc. No. 1 (p. 10 of 19, paragraph 30)
[3] *See Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006)(no exhaustion requirement for breach of fiduciary duty claims); *Gonzalez v. Aztex Advantage,* 547 Fed. Appx. 424 fn 8 (5th Cir. 2013)(breach of fiduciary duty claims are not subject to exhaustion requirements); *Bourgeois v. Pension Plan for Employees of Santa Fe Int.'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000)

exhaustion."[4]  Thus, Defendants' Motion to Dismiss is without merit and must fail as a matter of law.

II.       **Defendants' Motion to Strike is Without Merit, as Defendants Have Failed to Meet Their Burden of Establishing that the Allegation at Issue are Immaterial, Impertinent or Scandalous**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."[5]

Allegations are ***"immaterial"*** if they "can have no possible bearing upon the subject matter of the litigation";[6]  ***"scandalous"*** if they "***unnecessarily*** reflect[] on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court";[7] and ***"impertinent"*** if they "do not pertain and are not necessary to the issues in question."[8]

All of the allegations cited by Defendants are material, as they have at least a ***possible*** bearing on and are pertinent to the subject matter of the litigation. In fact, the connection between the allegations and the subject matter of the litigation (which includes hostile work environment and constructive termination claims) is more than "possible."  The connection is both actual and obvious.

For example, in *Williams v. Aaron's, Inc.*,[9] the Court considered a request to strike portions of the complaint in an employment action and in doing so, stated as follows:

> While some or all of the subject allegations may be ultimately determined to be inadmissible for relevance, undue prejudice or other reasons, proof of other such allegations may also ultimately be found relevant to Plaintiff's claims. By way of example only, Plaintiff's assertion of her Manager disseminating inappropriate photographs and engaging in sexual with coworkers at the workplace may be germane to proving her sexually hostile work environment claim. [10]

Noting that its job was to "make findings as to the scandalous, impertinent, immaterial or redundant nature of ***disputed factual allegations***", ***not*** to rule on the admissibility of evidence, the court refused to strike the allegations.[11]

---

[4] *Gonzalez*, 547 Fed. Appx. at 424 fn 8
[5] *See Mullen v. Nationwide Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 141686 at *1 (S.D. Miss. Dec. 8, 2011). *See also* In re *Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1168 (5th Cir. 1979)
[6] *Bailey Lumber & Supply Co. v. Georgia-Pacific Corp.,* 2010 U.S. Dist. LEXIS at *13-14 (S.D.Miss. Mar. 19, 2010)
[7] *Bailey Lumber & Supply Co.*,  2010 U.S. Dist. LEXIS 26017 at *14 (quoting MOORE'S FEDERAL PRACTICE § 12.37[3] at 12-97)
[8] *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)
[9] 2014 U.S. Dist. LEXIS 97130 (N.D. Miss. July 17, 2014)
[10] *Williams*, 2014 U.S. Dist. LEXIS 97130 at *4
[11] *Id.* at *4-5

An order striking a pleading is a "drastic remedy"[12] "viewed with disfavor . . . [and] infrequently granted . . . ."[13]  A motion to strike should be granted only when the pleading to be stricken "has no possible relation to the controversy," and "[a] disputed question of fact cannot be decided on motion to strike."[14]  Conclusory allegations of unfair prejudice, offended sensibilities on the part of the defendant (and/or his counsel) and even allegations that may cast defendant in a derogatory or unfair light are not grounds to support a motion to strike.[15] That is, while it is clear that Defendants are upset by the serious and disturbing nature of the allegations (that no doubt place them in an unflattering light), these are simply the nature of the claims being asserted and upset (without more) is not grounds for striking allegations. As Defendants have failed to cite any authority and offered nothing more than cries of indignation (notably minus any righteousness), their Motion to Strike should be denied.

### III.     Conclusion

For all of the reasons discussed above,  Defendants' Motion should be denied.

> **Respectfully submitted,**
> **ALISHA FULGHAM, INDIVIDUALLY and**
> **obo J.C.F., A MINOR**
>
> **BY:**    _____
>
> Timothy D. Moore (MSB #10494)
> The Law Office of Timothy D. Moore, PLLC
> 344 Hwy 51, 2nd Floor
> Ridgeland, MS 39157
> 601.321.9629 TEL
> 601.352.5353 FAX
> 601.988.4590 CELL
> tmoore@tdmoorelaw.net

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day served via ECF, a true and correct copy of the foregoing to the following: All counsel of record on ECF

THIS the   27th     day of MARCH, 2019.

_____
TIMOTHY D. MOORE

---

[12] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)

[13] *Bailey Lumber & Supply Co. v. Georgia Pacific Corp.*, 2010 U.S. Dist. LEXIS 26018 at *13 (S.D.Miss. Mar. 19, 2010)(citing *FDIC v. Niolo*, 821 F.Supp. 441 (N.D.Tex. 1993))

[14] *Mullen*, 2011 U.S. Dist. LEXIS at *2 (citing *Augustus*, 306 F.2d at 868)

[15] *See Sandoval v. Carrco Painting Contrs.*, 2017 U.S. Dist. LEXIS 128863 at *17 (W.D. Tex. May 24, 2017)(conclusory allegations about unfair prejudice are not enough to justify a motion to strike); *United States v. Coney*, 689 F.3d 365, 379-80 (5th Cir. 2012)(offended sensibilities and even allegations that place defendant in a derogatory or unfair light are not sufficient to form a basis for a motion to strike)