IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALISHA FULGHAM                                                                       PLAINTIFF

V.                                                          CAUSE NO. 3:19-cv-61-CWR-FKB

DON EVANS, et al.                                                                 DEFENDANTS

**ORDER**

Before the Court is defendants' motion to dismiss this action. Docket No. 5. Defendants argue that this case should be dismissed because plaintiff failed to properly exhaust her administrative remedies as required by the Employment Retirement Income Security Act ("ERISA").

Plaintiff has responded that her claims are not for benefits owed under an ERISA plan, but rather for defendants' breach of the fiduciary duty owed in the management of that plan. *See* Docket No. 7 at 1, n.3. As such, she says, exhaustion is not required. *Id*. Plaintiff is correct. *See Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006) ("We hold that the judicially created exhaustion requirement does not apply to a claim for breach of fiduciary duty as defined in ERISA.") (citation omitted). Therefore, the motion to dismiss is denied.

Alternatively, defendants argue that if the Court denies the motion to dismiss, portions of plaintiff's complaint should be stricken as "redundant, immaterial, impertinent and/or scandalous statements." Docket No. 5 at 4. In response, plaintiff argues that the allegations in the complaint are material and pertinent to the subject of this litigation.

A district court should not strike challenged portions of a complaint because they "offend the sensibilities" of the objecting party. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (quotation marks and citation omitted). An allegation should be stricken only if it possesses

"no possible relation to the controversy," which is a remedy used "sparingly" by courts. *Id.* (quotation marks and citations omitted). If an allegation is "relevant" and "minimally supported" by the factual allegations set forth in the pleadings, it should not be stricken. *Id.* at 380. It is ultimately within the Court's broad discretion to decide whether to strike a matter. *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017) (citations omitted).

The Court finds that the allegations within the complaint are relevant to the claims presented. As such, the motion to strike is also denied.

The stay of this case is lifted, and the parties are ordered to contact the chambers of the Magistrate Judge within 14 days to schedule a Case Management Conference.

**SO ORDERED**, this the 26th day of June, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE