## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| **ALISHA FULGHAM, INDIVIDUALLY**<br>**and on behalf of J.C.F., A MINOR** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 3:19-CV-61-CWR-FKB** |
| **DON EVANS; DON EVANS, PLLC;**<br>**BELINDA EVANS; JOHN and JANE**<br>**DOES PERSONS; and ENTITIES 1**<br>**through 10** | **DEFENDANTS** |

### ORDER

Before the Court is the defendants' motion to dismiss. Docket No. 51. The matter is fully briefed and ready for adjudication.

For the purposes of the present motion, a brief recitation of the relevant facts will suffice.

Plaintiff Alisha Fulgham filed this lawsuit on January 1, 2019, alleging claims against defendants on behalf of herself and her child under the Employee Retirement Income Security Act of 1974 ("ERISA") and Mississippi law. She was represented by counsel when this action was filed. In fact, four attorneys have appeared on her behalf and each sought permission to withdraw from representing Ms. Fulgham. During a telephonic status conference on December 4, 2020, the Magistrate Judge advised Ms. Fulgham that because she would be proceeding pro se and was not an attorney, she needed to either (1) file a motion voluntarily dismissing her child as a plaintiff or (2) file a motion requesting permission to pursue claims on her child's behalf, along with a sworn affidavit attesting to the fact that, among other things, she was the child's mother. Ms. Fulgham elected to file a motion to dismiss her child from the action [Docket No. 44], which the Court granted on March 19, 2021. Docket No. 48.

On November 4, 2021, the defendants filed the present motion to dismiss for lack of jurisdiction and prosecution. Docket No. 51. They contend that the Court should dismiss Ms. Fulgham's complaint due to her failure to exhaust administrative remedies as required under ERISA. They further argue that Ms. Fulgham initially added her child as a party to the lawsuit "simply to get into Federal Court," and that the joinder and subsequent dismissal of the child as a party amounted to a "fraudulent act to get jurisdiction into federal court." *Id.* at 2. On this basis, defendants contend that the Court lacks subject matter jurisdiction over the case. Alternatively, defendants contend that Ms. Fulgham's failure to take a single deposition during the discovery period amounts to lack of prosecution, for which the Court should dismiss the action.

Ms. Fulgham filed her opposition on November 15, 2021. Docket No. 52. In it, she clarified that her claim under ERISA "is a claim for the Defendants' breach of their fiduciary duty owed to **her**," not her child, "under the management of an ERISA plan." *Id.* at 1 (emphasis in the original). She also emphasized that the Court already ruled that plaintiff's claim under ERISA did not require exhaustion. *See* Docket No. 9.

Likewise, Ms. Fulgham challenges the defendants' characterization of her inclusion and subsequent dismissal of her child's claims as fraudulent. Instead, Ms. Fulgham says she dismissed her child so that they "would have no chance of exposure, whatsoever, to this matter and the actions of the Defendant." Docket No. 52 at 10.

Ms. Fulgham also objects to defendants' lack of prosecution argument, stressing that she is not required to take any depositions. *Id.* at 8. Further, she emphasizes that defendants have also not taken any depositions, "nor have [they] filed any motions seeking to compel any depositions and/or the production of any information, documents, items, etc." *Id.*

The plaintiff is correct on all counts. As the Court observed previously, Ms. Fulgham's claims under ERISA did not require exhaustion. *See* Docket No. 9 at 1 (citing *Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006)).

Nor does the initial inclusion and subsequent dismissal of Ms. Fulgham's child to the action amount to fraudulent or improper joinder. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) ("Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."). Defendants do not argue that Ms. Fulgham engaged in actual fraud as to any relevant facts in her pleading. And, as established above, Ms. Fulgham possesses her own individual claim under ERISA against defendants. This is sufficient to establish federal question jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (discussing federal question jurisdiction in the ERISA context). Thus, defendant's motion to dismiss for lack of jurisdiction fails.

Dismissal for failure to prosecute is also inappropriate. Dismissals with prejudice for failure to prosecute are warranted only in limited circumstances, such as when there is "a clear record of delay . . . by the plaintiff" and "the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Neither circumstance applies to the present case.

Accordingly, the Court will deny defendants' motion to dismiss.

**SO ORDERED**, this the 30th day of November, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE