IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALISHA FULGHAM | PLAINTIFF |
| V. | CAUSE NO. 3:19-CV-61-CWR-FKB |
| DON EVANS, et al. | DEFENDANTS |

### ORDER

Before the Court is pro se plaintiff Alisha Fulgham's motion to strike and enter a default judgment in her favor. Docket No. 60. The defendants oppose this motion. Docket No. 61. The matter is fully briefed and ready for adjudication.

For the purposes of the present motion, a brief recitation of the relevant facts will suffice.

Plaintiff Alisha Fulgham filed this lawsuit on January 1, 2019, alleging claims against the defendants under the Employee Retirement Income Security Act of 1974 ("ERISA") and Mississippi law. Following several continuances due to the ongoing COVID-19 pandemic, the Court held a final pretrial status conference on May 27, 2022. At that time, it ordered the parties to submit their witness lists, exhibit lists, proposed jury instructions, and final pretrial order by Wednesday, June 8, and reset the jury trial to commence on June 13, 2022.

That same day, Fulgham submitted a motion to strike the defendants' answer and counterclaims and enter a default judgment in the plaintiff's favor. Docket No. 60. The motion alleges several forms of misconduct by the defendants. For instance, Fulgham characterizes the defendants' answer as filled with "nothing but threats." *Id.* at 2. She also contends that the defendants "have failed to provide an expert report as required by F.R.C.P. 26(a)(2)(B)" for Monty Montgomery, Don Evans' accountant. *Id.* She also claims that Evans "purposefully, maliciously, and fraudulently" reported Fulgham to the Ridgeland Police Department in retaliation for filing

the present lawsuit. *Id.* at 5. Finally, Fulgham submits that the defendants' preparation of the pretrial order served "as a means of intimidation"—including "threatening Alisha Fulgham" through the counterclaims listed in the draft order—"so that she will not proceed with this litigation." *Id.* at 7. Other abuses alleged include the delayed transmission of the draft pretrial order by the defendants to Fulgham, and then, submitting only an incomplete draft. *Id.* at 9. The draft also contains falsehoods, Fulgham contends. *Id.* at 10-14. Fulgham therefore requests that this Court exercise its inherent power to sanction by entering a default judgment in her favor.

The defendants contest this account. They deny each of Fulgham's allegations against them. They also emphasize that "the rough drafts of the Pre-Trial[ Order]s that have been presented are not grounds to dismiss [their claims]." Docket No. 61 at 5. Accordingly, they submit that "there are no grounds presented by Alisha Fulgham to strike the Defendant/ Counter-Plaintiffs and there is no basis for a Default Judgment in favor of Alisha Fulgham." *Id.* at 7.

The Court first considers the motion to strike. Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either "on its own" motion or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). "[T]he Courts should not tamper with the pleadings unless there is a strong reason for doing so." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2nd Cir. 1976). "[E]ven a properly made motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Int'l Longshoremen's Assoc., S.S. Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995). But "[i]f the court determines the defenses to be insufficient as a matter of law, immaterial, or impertinent the granting of a motion to strike is appropriate." *F.D.I.C. v. Butcher*, 660 F. Supp.

2

1274, 1277 (E.D. Tenn. 1987) (granting motion to strike); *see also Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976) ( "[M]otions to strike . . . are granted only where clearly warranted.") (granting motion to strike).

It is true that Fulgham failed to raise her affirmative defenses in her answer and defenses to the defendants' counterclaims. *See* Docket No.11; *see also* L.U.Civ.R. 7(b)(2)(A) ("[a]ffirmative defenses must be raised by motion"). Yet Fulgham could not object to the material at issue until the defendants submitted their pretrial order, as the defendants there raised several of these arguments for the first time. Indeed, nowhere in the defendants' answer did they raise counterclaims related to the allegations to which Fulgham now objects. Upon review, the Court will, on its own motion pursuant to Rule 12(f)(1), dismiss the following allegations by the defendants, finding that they involve "impertinent" and "scandalous matter." Fed. R. Civ. P. 12(f)(1). Accordingly, the defendants may not pursue the issues listed in the following paragraphs of the pretrial order: ¶¶ 25, 26, 38-48, 56, 57, 71-81. The Court strikes these paragraphs on its own motion.

The Court next considers the defendants' alleged failure to supply Fulgham with a copy of their expert's report. In their response, the defendants assert that "Monty Montgomery is the person who will be testifying as to the American Express records and the amount of money that Alisha Fulgham overcharged Don Evans" and related tax matters. The pretrial order submitted by the parties demonstrates that the defendants designated Montgomery as a "[m]ay" call, and expert, witness. The defendants do not, however, contest Fulgham's claim that they "failed to provide an expert report as required by F.R.C.P. 26(a)(2)(B)." Docket No. 60 at 2.

Rule 26(a)(2)(B) mandates that disclosure of an expert witness "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially

3

employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Based on the parties' representations, it appears that the defendants employed Montgomery to provide garden-variety tax services. In other words: Montgomery was not retained specifically to testify in this case, nor do the defendants apparently routinely rely on him to provide expert testimony on their behalf. As such, by its plain terms, Rule 26(a)(2)(B) does not apply to Montgomery. Failure to supply an expert report prepared by Montgomery does not, therefore, foreclose his testimony at trial. Exclusion of Montgomery's testimony is thus premature at this time. Fulgham can, however, renew her objections as to the admissibility of Montgomery's testimony at trial.

Finally, the matter of sanctions. Fulgham's most compelling argument on this point is her invocation of *Michael v. Boutwell*, where the court sanctioned the defendant with a $1,000 fine for intimidating a witness. 138 F. Supp. 3d 761, 786 (N.D. Miss. 2015). Analogizing to *Michael*, Fulgham alleges a pattern of intimidation against her by the defendants in this litigation. *See* Docket No 60 at 4-14. Yet, distinguishing her case from *Michael*, Fulgham seeks a more drastic sanction than a monetary penalty: entry of a default judgment.

A federal court possesses inherent power to sanction bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). This includes the power to impose a default judgment. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). Under Fifth Circuit precedent, "such sanctions should be confined to instances of 'bad faith or willful abuse of the judicial process.'" *Id.* Behavior "that deliberately subverts a court's administration of a case" amounts to "bad faith and willful abuse." *Rogers v. Medline Industries, Inc.*, No. 1:17-CV-118-HSO-JCG, 2018 WL 6683015, at *2 (S.D. Miss. 2018); *see also Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76-80 (5th Cir. 2011). Imposition of a default judgment "is penal in nature; it is designed to penalize

those who engage in the charged conduct and to deter others who might be tempted to follow in similar conduct." *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 516 (5th Cir. 1985) (discussing the analogous sanctions of dismissal with prejudice and award of attorney's fees). A court may properly exercise its inherent authority to issue sanctions when a party engages in a "wide range of willful conduct observed by the district court." *Woodson*, 57 F.3d at 1418.

Fulgham alleges a concerning pattern of behavior by the defendants. She goes so far as to characterize the defendants' actions, "particularly those of Don Evans," as "so egregious, unethical, and fraudulent that they amount to criminal intent." Docket No. 60 at 14. The Court disagrees. Unlike other cases in which this Court exercised its inherent power to sanction a party with a default judgment, in the present case, there are no allegations that the defendants here willfully destroyed evidence, *see TLS Mgmt & Marketing Servs., LLC v. Mardis Fin. Servs., Inc.*, No. 3:14-CV-881-CWR-LRA, 2018 WL 3698919, at *3 (S.D. Miss. Aug. 3, 2018), nor repeatedly concealed evidence and lied under oath, *see Univ. Miss. Med. Ctr. v. Sullivan*, No. 3:19-CV-459-CWR-LGI, 2021 WL 4713242, at *5-7 (S.D. Miss. Oct. 8, 2021). Put another way, the defendants' conduct does not rise to the level that warrants default judgment.

Absent in this case is the "finding of 'bad faith or willful abuse of the judicial process'" required to invoke this Court's inherent power to enter a default judgment. *In re Moore*, 739 F.3d 724, 729 (5th Cir. 2014) (quoting *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997)). Present circumstances therefore counsel in favor of proceeding to a trial on the merits rather than entry of a default judgment. *See Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 227 F.2d 919, 921 (5th Cir. 1960) (emphasizing that "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial

upon the merits") (internal quotation marks and citation omitted). Thus, the Court declines to enter a default judgment in favor of Fulgham.

The motion to strike and enter a default judgment is hereby granted in part and denied in part. As the Court has repeatedly explained to the parties, this case remains in the parties' hands. At every stage of the process, one should always evaluate whether it is in the best interests of all involved to resolve their differences. With that said, jury selection is expected to commence on June 13, 2022.

**SO ORDERED**, this the 10th day of June, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
