IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALISHA FULGHAM                                                                                                  PLAINTIFF

V.                                                                                     CAUSE NO. 3:19-CV-61-CWR-FKB

DON EVANS, et al.                                                                                           DEFENDANTS

**ORDER**

Before the Court is the plaintiff Alisha Fulgham's motion to deem certain facts admitted against the defendants [Docket No. 63]. The matter is fully briefed and ready for adjudication.

For the purposes of the present motion, a brief recitation of the relevant facts will suffice.

Plaintiff Alisha Fulgham filed this lawsuit on January 1, 2019, alleging claims against the defendants under the Employee Retirement Income Security Act of 1974 ("ERISA") and Mississippi law. Following several continuances due to the ongoing COVID-19 pandemic, the Court held a final pretrial conference on May 27, 2022. The parties were ordered to submit their witness lists, exhibit lists, proposed jury instructions, and a final pretrial order by Wednesday, June 8. The Court reset the jury trial for June 13, 2022.

On June 10, 2022, the Friday before trial, Fulgham filed a motion to deem certain facts admitted against the defendants. Docket No. 63. Later that same day, she filed an amended document, in which she expanded on her arguments. Docket No. 65. Fulgham recited that on July 20, 2020, her then-counsel served the defendants with interrogatories, requests for production, and a single request for admission ("RFA"): that defendants "Please admit that [they] are liable for any and all damages to Plaintiff." Docket No. 63-1. The defendants failed to ever respond. This failure, Fulgham observed, violated Rule 36(a) of the Federal Rules of Civil Procedure, which requires

responses to requests for admissions within 30 days of service. *See* Fed. R. Civ. P. 36(a)(3). It also, Fulgham contended, warrants the Court deeming admitted that the defendants are liable to her.

Defendants submitted a response to the plaintiff on Sunday, June 12, 2022.[1] In it, they raised several excuses, including "that apparently the response did not get sent out properly because Don Evans remembers writing out the response and denying the admissions;" that the RAF "is extremely confusing and does not really say what you are admitting to;" and that "the Plaintiff is long past Motion time and has waited to the last second to file a Motion and the Defendant has no time to research law or even respond to the Motion properly." *See* Defendants' Response at 1-2. The defendants conclude by "fully deny[ing] the Request for Admission." *Id.* at 3.

The plaintiff filed a reply to the defendants' response on Monday, June 13, 2022. Docket No. 67. There, she emphasized that "[t]he Evans Defendants, in their response, **admit** that they have failed to respond to the Plaintiff's First Set of Request for Admission." Docket No. 67 at 1 (emphasis in original).

Rule 36(a) specifies that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). If a party fails to respond, Rule 36 further provides that "[a] matter admitted under this rule is established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). As to the effect of such an admission, the Fifth Circuit has held that "if the requests

---

[1] On Sunday, June 12, 2022, defendants filed a "Notice of Service of Defendants' Response to Plaintiff's Amended Motion and Brief to Deem Facts Admitted as Against the Defendants." The document contained no legal arguments, nor did it allege any facts. Indeed, apart from the title, it did not respond to the plaintiff's motion or amended document at all. The defendants served a copy of their response to the Court via email on Monday, June 13, 2022, after the first day of trial concluded. They have yet to file it, however.

2

for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006) (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).

Upon review of the record and relevant case law, the Court finds that Fulgham's argument is well-taken. At no time have the defendants contested that they failed to respond to Fulgham's RFA.[2] Nor has either party "requested the admission be withdrawn or amended." *Williams v. Spartan Technologies, LLC*, No. 3:17-CV-132-CWR-FKB, 2018 WL 456075, at * 1 (S.D. Miss. Sep. 21, 2018). Thus, the Court finds that in failing to respond to the RFA, the defendants admitted their liability for any and all damages suffered by Fulgham.

This ruling does not conclude the case. The scope of damages to which Fulgham is entitled remains an outstanding issue, as she must put forth evidence as to its appropriate measure. *Id.* at *2. And the defendants' counterclaims remain unresolved. But the allegation of the RFA must be deemed admitted under the Rule and its case law.

Finally, notwithstanding the commencement of trial proceedings yesterday, the Court wishes to remind the parties that they retain the ability to resolve this matter among themselves. At this stage, as at every stage of the process, the parties should continue to evaluate whether it is in the best interests of all involved to resolve their differences. For present purposes, though, the motion to deem certain facts admitted [Docket No. 63] is **GRANTED**.

**SO ORDERED**, this the 14th day of June, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] After prodding by the Court on the morning of June 13, 2022, just prior to jury selection, defendant Don Evans argued for the first time that he responded to the RFA, asserting that one of Fulgham's former attorneys lost it. The Court finds this argument grossly ineffectual. Rule 30's language is clear; mere conjecture does not excuse failure to abide by its requirements.