IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALISHA FULGHAM                                                    PLAINTIFF

V.                                              CAUSE NO. 3:19-CV-61-CWR-FKB

DON EVANS, et al.                                              DEFENDANTS

<u>ORDER</u>

Before the Court is plaintiff Alisha Fulgham's claim for damages against defendants Don Evans, Belinda Evans, and Don Evans PLLC under the Employee Retirement Income Security Act of 1974 ("ERISA"). The matter is fully briefed and ready for adjudication.

I.      **Factual and Procedural History**

A brief recitation of the relevant facts will suffice.

Plaintiff Alisha Fulgham filed this lawsuit on January 1, 2019, alleging claims against the defendants under ERISA and Mississippi law. Little discovery was taken and no dispositive motions were filed. Following several continuances due to the ongoing COVID-19 pandemic, the Court held a final pretrial conference on May 27, 2022. The Court reset the jury trial for June 13, 2022.

On June 10, 2022, the Friday before trial, Ms. Fulgham filed a motion to deem certain facts admitted against the defendants, based on their failure to respond to requests for admission. Docket No. 63. In it, she alleged that the defendants failed to reply to Requests for Admissions, sent on or around July 5, 2019. The motion including plaintiff's claims that the defendants' breached their fiduciary duties under ERISA. Defendants responded to the plaintiff on Sunday, June 12, 2022. After reviewing the briefing and applicable law, the Court granted the motion on June 14, 2022. Docket No. 69. As a result, liability was established.

That same day, a jury trial on Ms. Fulgham's state law claims against the defendants commenced. On July 7, 2022, the jury returned a verdict awarding Ms. Fulgham $1,740 in damages to account for lost wages. Docket No. 71. Following delivery of the jury's verdict, the Court advised the parties that it would rule on the plaintiff's outstanding ERISA claim in due course. That time has arrived.

## II.     Legal Standard

The Court's Order granting the plaintiff's motion to deem certain facts admitted established the defendants' liability, but not the extent of damages. *See* Docket No. 69 at 3 ("The scope of damages to which Fulgham is entitled remains an outstanding issue, as she must put forth evidence as to its appropriate measure."). Consequently, it was effectively a default judgment.

"A default judgment establishes the defendant's liability but not the quantity of damages." *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019) (citing *United States ex rel. M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). Put another way,

> A default judgment conclusively establishes the defendant's liability that the defendant's conduct proximately caused the event upon which suit is based. But whether the event sued upon caused any injuries to the plaintiff is another matter entirely and is part of proving the amount of damages to which the plaintiff is entitled.

*Russell v. Hall*, No. 3:19-CV-874-S, 2020 WL 9848765 (N.D. Tex. Dec. 4, 2020).

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal citation omitted). In *TLS Mgt. & Mktg. Serv., LLC v. Mardis Fin. Serv., Inc.*, this Court explained as follows: "if a particular claim would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), there is no liability under that claim. Therefore, despite the default judgment, the Court must determine if the [plaintiff's] well

pleaded liability-related factual allegations, taken as true, establish liability." No. 3:14-CV-881-CWR-LRA, 2018 WL 3698919, at *1 (S.D. Miss. Aug. 3, 2018).

## III.   Discussion

First, the Court must determine whether the plaintiff's claim meets the well-pleaded complaint standard.

Congress defined ERISA's scope in 29 U.S.C. § 1002. In relevant part, "[t]he term 'employee benefit plan' or 'plan' means an employee welfare benefit plan." 29 U.S.C. § 1002(3). This includes an employer-run healthcare plan.

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

*Id.* § 1002 (21)(A).

With respect to the duties of a plan's fiduciary, ERISA imposes a "prudent man" standard of care, mandating that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—for the exclusive purpose of: providing benefits to participants and their beneficiaries." *Id.* § 1104(a)(1)(A)(ii). He shall also discharge his duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Id.* § 1104(a)(1)(B).

ERISA defines liability in relation to breach of fiduciary duties, such that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall

3

be subject to such other equitable or remedial relief as the court may deem appropriate . . .

*Id.* § 1109(a).

Congress explicitly empowered the participant or beneficiary of an ERISA plan to bring a civil suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* § 1132(a)(1)(B).

Upon review, the plaintiff's ERISA claim meets the well-pleaded complaint standard. Taken as true, the facts she alleged in her complaint established that (1) the defendants operated a health benefits program that qualified as an employee benefits plan under ERISA; (2) that Ms. Fulgham participated in the plan; (3) that the defendants served as plan fiduciaries as defined by ERISA; and (4) that the defendants breached their fiduciary duty by accepting the plaintiff's prepayment of insurance premiums for her minor child,[1] and then converting these funds to their own use, rather than applying them to the plan. *See* Docket No. 1 at 2-3; 7; 9-10. This prepayment, Ms. Fulgham alleged, amounted to $2,364.00. *Id.* at 10.

The record in this case is now closed. Evidence introduced by the parties at trial shed little additional light on the appropriate measure of damages on the plaintiff's ERISA claim. Accordingly, the Court finds it appropriate to award the plaintiff $2,364.00 in damages on her ERISA claim. This amount matches that alleged by the plaintiff in her complaint. *See* Docket No. 1 at 7, 10. It is also the amount Ms. Fulgham's then-attorney sought from the defendants prior to filing suit. *See* Docket No. 60-14 at 9. Put another way, $2,364.00 provides restitution on the plaintiff's prepayment of insurance premiums that the defendants misappropriated. The Court

---

[1] As clarified in this Court's November 30, 2021 Order, although the plaintiff prepaid these premiums for the benefit of her minor child, the claim for breach of fiduciary duties was hers. *See* Docket 53.

therefore finds that an award of $2,364.00 on the plaintiff's ERISA claim constitutes appropriate relief under 29 U.S.C. § 1109(a).

## IV.  Conclusion

The defendants are liable to the plaintiff for $2,364.00 on her ERISA claim. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 12th day of July, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE